IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TOMOKO HOMZA, | : |
| Plaintiff, | : Case No. 2:05-cv-777 |
| v. | : Judge Sargus, Jr. |
| UNITED STATES OF AMERICA, | : Magistrate Judge Abel |
| Defendant. | : |

## Order

Plaintiff Tomoko Homza brings this action challenging a notice of lien filed by the IRS for unpaid federal income taxes for the tax years 2000, 2001, and 2002. This matter is before the Court on Defendant's November 7, 2005 motion to dismiss the amended complaint for lack of subject matter jurisdiction and Plaintiff's December 7, 2005 motion for leave to file a second amended complaint. For the following reasons, Defendant's motion to dismiss for lack of subject matter jurisdiction is granted. In making this ruling, the Court has considered the arguments supporting subject matter jurisdiction Plaintiff makes in her motion to file a second amended complaint, which is an attempt to further clarify the arguments she makes in her memorandum in opposition to the motion to dismiss. The motion for leave to file a second amended complaint (doc. 14) is DENIED because the proposed amended complaint also fails to establish that the Court has subject matter jurisdiction.

**I. Facts.**

On January 25, 2005, the IRS filed a federal tax lien notice against Plaintiff for alleged nonpayment of federal income tax for 2000 - 2002. Def.'s Mot. to Dismiss, ¶ 1. On the same day, the IRS sent Plaintiff written notice of its intent to levy on Plaintiff's property and rights to property in order to collect her said outstanding federal income tax liability for tax year 2002. Def.'s Mot. to Dismiss, ¶ 1.

On February 23, 2005, Plaintiff made two timely requests for a collection due process ("CDP") hearing; one for the Notice of Federal Tax Lien and the other for the Final Notice of Intent to Levy. Def.'s Mot. to Dismiss, ¶ 2. Accordingly, a CDP hearing was conducted by phone between the IRS and Plaintiff. Pl.'s Ex. A, 4. The exact date of the CDP hearing is disputed.

A notice of determination was issued on July 22, 2005; the IRS determined that the filing of the Notice of Federal Tax Lien and the Final Notice of Intent to Levy were appropriate actions which should be sustained. Pl.'s Ex. A, 3. The determination advised Plaintiff of her right to appeal by filing a petition with the United States Tax Court. *See* Pl.'s Ex. A, 1.

Instead of filing with the Tax Court, on August 17, 2005 Plaintiff filed a petition in this Court asserting two claims: 1) the IRS's CDP hearing was in violation of her due process rights guaranteed under United States Constitution; and 2) she owed no tax liability to the IRS. Am. Compl., ¶ 4. Plaintiff argues that the IRS violated procedures through "deceptive, abusive and fraudulent practices," ignored all the "Administrative

2

Notices" sent by Plaintiff, and refused to correct its abusive actions. Am. Compl., ¶¶ 3-13. Furthermore, Plaintiff denies the existence of her tax liability. Although Plaintiff concedes that she has not filed income tax returns, Pl.'s Nov. 28, 2005 Response in Opposition to Def's Mot. to Dismiss, ¶ 4 , she alleges that the IRS created fictious data regarding "Plaintiff's straw man entity," thus holding her liable on tax. Am. Compl., ¶¶ 4 & 10. Plaintiff asks this Court to set aside the IRS's determination.

In filing a motion to dismiss, the United States argues that Sections 6320 and 6330 of the I.R.C. dictate that the appeal of the determination shall be to the Tax Court unless the Tax Court does not have jurisdiction of the underlying tax liability. Defendant argues that since the Tax Court has the ability to determine Plaintiff's income tax ability under Sections 6320 and 6330 of the I.R.C., the Tax Court has the exclusive jurisdiction over this CDP hearing review, and thus Plaintiff must file her request for judicial review in the Tax Court.

## II. Standard of Review.

The standard of review applicable to a Rule 12(b)(1) motion to dismiss based on lack of subject matter jurisdiction depends on the nature of the motion. If a defendant attacks the complaint on its face, the district court must take all material allegations of the petition as true and construe them in the light most favorable to the non-moving party. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). When responding to a facial attack on subject matter jurisdiction, the plaintiff's burden is not onerous. *See Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d. 1244, 1248 (6th Cir. 1996). The plain-

3

tiff can "survive the motion by showing any arguable basis in law for claim made." *Id.*

If the defendant attacks the existence of subject matter jurisdiction in fact, apart from the pleadings, no presumptive truthfulness applies to the factual allegations. *See Ohio Nat'l life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Where a factual controversy exists, the district court must weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction does or does not exist. *See Id.* The court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts. *See Id.* Since the res judicata effect of a Rule 12(b)(1) motion is limited to the jurisdictional issue, factual findings do not bind the court in future proceedings. *Richie*, 15 F.3d at 598.

The district court must read a pro se litigant's complaint liberally, applying a less stringent standard than that used for complaints drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974).

In the instant case, the United States does not contest Plaintiff's right to appeal, rather it argues that the kind of claims brought by Plaintiff fall under the jurisdiction of the United States Tax Court. Defendant is making a facial attack on this Court's exercise of subject matter jurisdiction. Thus, this Court must take all material allegations of the petition as true and construe them in the light most favorable to the non-moving party.

4

**III. Discussion.**

A notice of lien advises the taxpayer of the lien and her right to a CDP hearing. 26 U.S.C. § 6320(a). Plaintiff Homza exercised that right and a CDP hearing was held. The IRS can make no levy until 30 days after it sends notice to the taxpayer. 26 U.S.C. § 6330(a). On January 25, 2005, the IRS sent written notice to Plaintiff Homza for tax year 2002. On July 22, 2005, the IRS Appeal Office determined that the notice of lien would not be withdrawn and that the collection of unpaid taxes for the 2002 period by levy was necessary and appropriate. Plaintiff seeks judicial review of that determination under 26 U.S.C. § 6330(d).

Under Section 6330 of the I.R.C., Plaintiff is entitled to judicial review of IRS determination as follows:

> (d)(1) Judicial review of determination. The person may, within 30 days of a determination under this section, appeal such determination –
>> (A) to the Tax Court (and the Tax Court shall have jurisdiction of the underlying tax to such matter); or
>> 
>> (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.
>
> If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

26 U.S.C. § 6330(d)(1) (2006).

The Tax Court has interpreted this section to provide its jurisdiction except in cases where it normally does not have jurisdiction over the underlying liability. *Diefenbaugh v. Weiss*, 2000 WL 1679510, 3 (6th Cir. 2000). In general, the Tax Court has juris-

5

diction over cases where the underlying liability involves income tax, as opposed to other taxes. 26 U.S.C. §§ 6211 and 6213(a); 26 C.F.R. § 601.102(a)(1)(I) (2006); *see Goza v. Comm'r*, 114 T.C. 176, 82 (2000); *Martin v. Comm'r*, 756 F.2d. 38, 40 (6th Cir. 1985). The Tax Court, not a district court, has jurisdiction over income tax issues arising under § 6330(d). *White v. United States*, 250 F.Supp. 2d 919, 921-22 (M.D. Tenn. 2003); *Tornichio v. United States*, 2002 WL 508325, 2 (2002)

Plaintiff argues that *Schulz v. Internal Revenue Serv.*, 413 F.3d 297 (2nd Cir. 2005) (*Schulz II*) supports her position that a district court has subject matter jurisdiction to review the IRS tax levy. However, *Schulz* was a suit brought by a taxpayer to quash a summons requiring him to appear and give testimony about his tax liability. The case did not involve a tax lien, a tax levy, or a CDP hearing. *Schulz II* holds that before punishment for failure to comply with an IRS summons can be imposed, the IRS must file suit in a district court seeking enforcement of the summons. 413 F.3d at 302-03. Because *Schulz II* did not construe 26 U.S.C. §§ 6320 and 6330 and it is not applicable to the present case.

## IV. Conclusion.

Accordingly, Defendant's November 7, 2005 motion to dismiss for lack of subject

matter jurisdiction is **GRANTED**. Plaintiff shall have 30 days after this decision to file an appeal with the United States Tax Court in accordance with 26 U.S.C. § 6330(d)(1).

5-3-2006

Edmund A. Sargus, Jr.
United States District Judge